IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Companion Life Insurance Company, | ) | C/A No. 3:15-3737-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Michelle M. McCreary; Jean Bankett; | ) | **REPORT AND RECOMMENDATION** |
| American Funeral Financial, LLC; | ) | |
| American Capital Funding, LLC; and | ) | |
| C&J Financial LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This interpleader action comes before the court on the motion of Jean Bankett ("Bankett") for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Bankett claims she is entitled to the insurance benefits due under a policy of life insurance, which is in the name of her deceased son, Rodney M. Moore ("Decedent"). For the reasons that follow, the undersigned recommends that Bankett's motion be granted in part and denied in part.

**I.     Factual and Procedural Background**

The court made findings of facts by prior order dated January 11, 2016 ("Order") [ECF No. 28], which are repeated herein for reference. Before he died on June 11, 2015, Decedent was employed by The Society of St. Vincent de Paul ("Employer"). Employer maintained group life insurance coverage with Companion Life Insurance Company ("Companion") for the benefit of its employees as part of an employee welfare benefit plan ("Plan") governed by the Employment Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001, *et seq.* On January 10, 2013, Decedent enrolled in the Plan's basic group term life and accidental death and dismemberment insurance policy (Policy Number 932-25-71390-000) ("the Policy") for $60,000, and designated Bankett as the sole beneficiary under the Policy. [ECF No. 1-1]. He made no further changes to his beneficiary designation.

Upon Decedent's death, Bankett submitted a Group Life Insurance Claim Form dated June 15, 2015, to Companion, requesting the Policy proceeds be distributed to her. [ECF No. 1-6]. Bankett assigned the following interests in the Policy proceeds to pay for her son's funeral expenses:

(1)     $8,533.87 assignment on June 15, 2015, to defendant American Funeral Financial, LLC ("American Funeral") [ECF No. 1-3];

(2)     $10,180.64 assignment on June 19, 2015, to defendant American Capital Funding, LLC ("American Capital")[1] [ECF No. 1-4].

(3)     $3,757.73 assignment on June 19, 2015, to defendant C&J Financial, LLC ("C&J") [ECF No. 1-5].

Companion also received a letter from defendant Michelle M. McCreary ("McCreary") dated July 8, 2015, indicating that it was her understanding that she was entitled to 50% of the Policy proceeds under Arizona community property laws because she had married the Decedent on December 1, 2014, six months before his death. [ECF No. 1-7]. The Policy terms incorporate the laws of the state in which the policy is

---

[1] Although it appears American Capital was served with the complaint in this matter [ECF No. 11], it has not made an appearance.

2

delivered. [ECF No. 1-8]. The Policy indicates it was delivered in the state of Arizona, where Decedent resided from the time he was covered under the Policy until his death. *Id.*

After his death, the Policy proceeds became subject to distribution. Companion filed this interpleader action pursuant to Fed. R. Civ. P. 22 and 67 and Local Civ. Rules 67.01 (D.S.C.), asserting it was not able to determine each defendant's portion of the Policy proceeds, if any. On December 1, 2015, Plaintiff filed a motion to deposit the Policy proceeds into the court's registry, for attorney's fees, and to be dismissed from the case. [ECF No. 26]. The defendants did not respond to the motion. The court granted the motion by Order dated January 11, 2016, granting Companion's attorney's fees and costs of $3,501.88, accepting the net Policy proceeds of $56,498.12 into the court's registry, and dismissing Companion. [ECF No. 28]. The Order noted: "Each Defendant and their agents, attorneys, representatives, assigns, and all other persons claiming at any time, are perpetually enjoined and restricted from initiating or pursuing any proceeding in this or any other court of law or equity against Plaintiff on account of the Policy." *Id.* at 7.

**II. Discussion**

    **A.    Standard on Judgment on the Pleadings**

After pleadings are closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). To withstand a motion for judgment on the pleadings, a complaint must contain facts sufficient to "state a claim to relief that is

3

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "In resolving a motion pursuant to Rule 12(b)(6) or Rule 12(c), a district court may . . . consider a 'written instrument' attached as an exhibit to a pleading." *Occupy Columbia*, 738 F.3d at 116. Under Rule 10(c) "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

### B.     Analysis of Claims for Policy Proceeds

Bankett was the mother of Decedent and the named beneficiary of the Policy. ERISA commands that a plan shall "specify the basis on which payments are made to and from the plan," *id.* § 1102(b)(4), and that the fiduciary shall administer the plan "in accordance with the documents and instruments governing the plan," *id.* § 1104(a)(1)(D), making payments to a "beneficiary" who is "designated by a participant, or by the terms of [the] plan," *id.* § 1002(8); *see Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). In other words, ERISA dictates that Bankett, in this case, should receive the benefits of the Policy, as she is the designated beneficiary of the plan.

McCreary married Decedent shortly before his death and claims she is entitled to a portion of the Policy proceeds pursuant to Arizona community property laws, notwithstanding Bankett's express designation as the sole beneficiary. McCreary argues that Arizona law provides that all property acquired by either husband or wife during the marriage is the community property of the husband and wife, citing to A.R.S. § 25-211. That statute provides, in relevant part:

4

> All property acquired by either husband or wife during the marriage is the community property of the husband and wife except for property that is: 1. Acquired by gift, devise or descent. 2. Acquired after service of a petition for dissolution of marriage, legal separation or annulment if the petition results in a decree of dissolution of marriage, legal separation or annulment.

A.R.S. § 25-211(A).

McCreary claims that the foregoing Arizona law would permit her to obtain her community 50% portion of the Policy proceeds "followed by compliance with the ERISA beneficiary designation on the policy." McCreary contends that *Egelhoff* is distinguishable from the instant case, claiming that she is not asking that Arizona law be applied to change the plan beneficiary to her. Instead, she argues that there would be not conflict with ERISA if the court were to apply Arizona community property law first and award her a 50% portion of the Policy proceeds prior to administering the Plan to pay the remaining benefits to Bankett as the designated beneficiary. [ECF No. 50 at 3].

Because A.R.S. § 25-211 relates to, and attempts to affect, benefits paid pursuant to an employee benefit plan, it is, therefore, preempted by ERISA. ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." 29 U.S.C. § 1144(a). "The term 'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." *Id.* at § 1144(c). The Supreme Court has explained that Congress used language that was "deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987).

The Fourth Circuit and this court have generally held "the designation of the beneficiary of an ERISA life insurance policy 'relates to' an ERISA plan." *Phoenix Mut.*

5

*Life Ins. Co. v. Adams*, 30 F.3d 554, 560 (4th Cir.1994) (citation omitted); *Bostic v. Bostic*, 2015 WL 5178163, at *3 (D.S.C. Sept. 3, 2015) (finding that S.C. Code Ann. § 62-2-507 "relate[d] to an employee beneficiary plan in its clear purpose to designate a beneficiary of an employee insurance plan"); *see also Schreffler v. Metro. Life Ins. Co.*, 2006 WL 1127096, at *5 (D. Ariz. Apr. 25, 2006)(holding that Arizona community property laws are preempted by ERISA pursuant to *Egelhoff*).

To the extent that McCreary argues that as a domestic relations law, A.R.S. § 25-211, is not superseded by federal law, *Egelhoff* has already rejected that argument: "[W]e have not hesitated to find state family law pre-empted when it conflicts with ERISA or relates to ERISA plans." *Egelhoff*, 532 U.S. at 151.

Based on the foregoing, the undersigned recommends granting Bankett's motion for judgment on the pleadings as to her entitlement to the policy proceeds.

### C.    Attorney's Fees

In her motion, Bankett also argues that "because the law in favor of Bankett is so clear, it would be unjust to diminish the death benefit owed to Bankett by the amount of the Companion's legal fees, or by the amount of Bankett's own legal fees." [ECF No. 32 at 5].  Bankett requests the court (1) award her legal fees, (2) award her interest on the amount of the death benefit, and (3) order that she not be responsible in any way for the fees and costs of any other party.

To the extent that Bankett wished to argue against the propriety of an award of attorney's fees to Companion, she should have filed a timely opposition to Companion's motion for fees by the deadline of December 18, 2015 [ECF No. 26].  Having failed to

6

oppose the motion, the court ruled on the record pursuant to Local Civ. Rule 7.06, and entered its Order dated January 11, 2016 [ECF No. 28], granting Companion's fees. Bankett's opposition to Companion's motion for fees is untimely and, therefore, denied.

Next, Bankett argues that she is entitled to an award of interest on the amount of the death benefit "to compensate her for the delay caused by the filing of McCreary's claim." [ECF No. 32 at 5]. The undersigned finds no merit to Bankett's claim of an award of interest as compensation for delay. Faced with competing claims, Companion properly filed this interpleader action. *Auto Parts Mfg. Miss., Inc. v. King Constr. of Houston, L.L.C.*, 782 F.3d 186, 194 (4th Cir. 2015) (holding that "[i]t is not for the district court, in determining whether interpleader is proper, to consider whether the competing claims are meritorious"). Furthermore, the court has already entered an Order, pursuant to 28 U.S.C. § 2361, restraining each of the defendants and their attorneys from pursuing any proceeding against Companion on account of the Policy. *See* ECF No. 28 at 7.

Finally, to the extent that American Funeral and C&J asserted protective cross-claims against Bankett for breach of contract and unjust enrichment, they represent that if Bankett's motion is granted, it would moot their cross-claims, "provided she agrees to the disbursement . . . of the principal amount owed to [them], plus all other funds owed" under the assignments, including their attorneys' fees [ECF No. 41 at 7; ECF No. 42 at 7]. Bankett did not file responses to the cross-memoranda in support of judgment by American Funeral and C&J. Therefore, it appears that Bankett concurs in the assessment that she is liable to them for funds claimed.

**III.     Conclusion and Recommendation**

For the foregoing reasons, the undersigned recommends that the court (1) grant Bankett's motion for judgment on the pleadings [ECF No. 32] as to her entitlement to the policy proceeds; (2) deny the motion as to attorney's fees and interest; and (3) grant judgment in favor of American Funeral and C&J on their cross-memoranda [ECF Nos. 42 and 41, respectively] as to Bankett's liability on her assignments to them.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

May 9, 2016                                                          Shiva V. Hodges
Columbia, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).